## No. 12,419.

### CHARLES ADOLPH SCHMIDT ET ALS. VS. JOHN HERBERTH.

The sale by heirs of their right in a succession is free from the action in rescission for lesion; if such a sale is in character aleatory, in that the value of the right sold depends upon the duration or continuance of the usufruct.

APPEAL from the Civil District Court for the Parish of Orleans, *Rightor, J.*

---

*Henry Chiapella* and *Joseph Brewer* for Plaintiffs, Appellants.

---

*Dart & Kernan* for Defendant, Appellee.

---

Argued and submitted March 11, 1898.
Opinion handed down March 21, 1898.

The opinion of the court was delivered by

BREAUX, J. This was a suit by plaintiffs to set aside, on the ground of lesion an act signed by plaintiffs, transferring to the defendant all their rights in the succession of Catherine Augusta Herberth, *nee* Burger, his late wife, who was the aunt of plaintiffs and who had inherited the right thus sold; by representation of their late mother (the mother from whom plaintiffs inherited was one of the sisters of the late Catherine Augusta Herberth). The other sister of the late Catherine Augusta Herberth, Mrs. Suhling, inherited an undivided half of the succession. She also sold her interest to the defendant for a price similar in amount—*i. e.*, one thousand dollars. Mrs. Suhling was not a party to the suit.

Mrs. Catherine Augusta Herberth, late wife of the defendant, died intestate in 1892, leaving no children, and no forced heirs. The property was all community, and subject to the usufruct of the survivor in community—*i. e.*, the defendant was usufructuary of all the property.

The act specially described, as property transferred, four pieces of real estate and forty-five shares of the capital stock of the Lafayette Fire Insurance Company of New Orleans of the par value of fifty dollars each. The act sets forth that the vendors were disinclined to wait for the close of the usufruct and on that account they offered for sale their interest in the estate; that in selling they took the usufruct into consideration and in consequence agreed to accept the price in full settlement and extinguishment of all their claims, right and inheritance in the premises.

Plaintiffs have abandoned all claims to the shares of stock of the Lafayette Insurance Company.

Plaintiffs now insist that the amount received by them is not an equivalent for their interest in the succession of their deceased aunt, which they now value at more than $3500. Their petition recites at some length the nature of the right they claim. Plaintiffs complain and aver that they received the price under the representation that it was a fair equivalent for their right of inheritance.

There was no allegation made of fraud, trickery or artifice of any sort.

To plaintiffs' demand the defendant interposed the plea of no cause of action. This exception was maintained by the District Court and plaintiffs' suit was dismissed.

From the judgment of dismissal plaintiffs prosecute this appeal. The record discloses that the usufructuary rights of the defendant were given consideration to, at the time of the sale. It was referred to in the deed as the cause or motive which prompted the plaintiffs to sell.

The value of all property subject to usufruct is lessened and disturbed during the continuance of the right. The date that the owner will enter into possession and enjoy the ownership is uncertain. It gives to the right a character of hazard. The value depended in this case upon the marriage or death of the usufructuary. Prior to one or the other: marriage or death of the usufructuary, plaintiffs' title would have been imperfect and not one usually much valued in commerce. The uncertainty of the duration of the usufruct gives rise to the aleatory condition which the plaintiffs in their sale did not separate from the price, but included it as constituting one of the chief motives in selling; thereby making the right sold one aleatory in character beyond question. The plaintiffs themselves have impressed in effect " aleatory " upon the sale of the right.

In Parker vs. Talbot, 37 An. 23, the vendor had reserved the usufruct of the property sold during her lifetime; the court held that the right reserved gave to the sale the character of an aleatory contract. The aleatory contract defined in our Code being a contract more particularly known under the civil law, we consulted civil law authority other than ours upon the subject.

We translate: The property was burdened with a right of usufruct of uncertain duration. The contract was an aleatory contract. Gabriel vs. Ligouzat, Vol. (Dalloz), 30th January, 1866, p. 172.

The value of the property sold depended upon the date of the death of the usufructuary; the contract was aleatory. Fuzier–Hermann, Vol. 2, p. 333.

There can be no question of lesion, says Laurent in his work *Droit Civil*, Vol. 10, p. 526, in an aleatory contract provided there was no fraud.

Here the charge is not fraud, but a general averment that the sale was " completed under the representation and belief " that the price was equal to the value of the right.

This court has frequently accepted assistance from the Court of Cassation and from illustrious French jurists in construing and applying the articles of our Code analogous to those of the Code Napoleon.

The allegation that "imposition" had been resorted to; said the court in Russell vs. Springs, 10 L. 427, does not include within its scope the action in which downright fraud is charged in matter of asserted lesion. They ("imposition" and "fraud") were treated as separate and distinct causes of action in the just cited decision. It is enough to state that not only "no fraud" was here alleged, but that the "representation" set up by other counsel than those who represented plaintiff on appeal, is so vague that it did not amount to a charge even of "imposition" traceable to the defendant; a word "imposition" to which a "particular" meaning is given in the cited case.

We are not informed by the record that the sale was not aleatory because of the extreme old age of the purchaser, or for some other reason rendering it evident that the chances of the loss or gain in the sale were inconsiderable and of no importance whatever, as compared with the value of the property. In our judgment, unless the action is manifestly within the exceptions last suggested it is without cause. The general rule is that there is no ground to rescind a contract of sale when it is aleatory in character, such as we take it the sale here was.

When the price or the period of entry into possession and enjoyment of the property are uncertain it is exceedingly difficult to determine that there was no lesion. Merlin Droits Succession, Vol. 4, p. 427, Sec. 7.

This is the view of all the authorities we have examined upon the subject. The very exceptional cases, such as suggested by Marcadé, Vol. 6, p. 313, did not arise here.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is affirmed.